Martin J.
delivered the opinion of the court. The plaintiff sues for the estate of his natural daughter, a free woman of color, who died intestate, without a mother or issue.
The defendant claims the estate in his own right, and that of other persons of color, as the natural brothers and sisters of the deceased.
He denies the paternity of the plaintiff, and *266 contends that a natural father can only inherit the property of his acknowledged children, Civ. Code 156, art. 48; that illegitimate children can only pass into the class of acknowledged children by the acknowledgment of the parent, in the registry of the birth or baptism, or by a declaration before a notary public, in presence of two witnesses, id. 48, art. 25, neither of which formalities were fulfilled by the plaintiff.
East’n. District.
April 1816.
The statement of facts refers us to the registry of baptism of the deceased, in which the plaintiff is mentioned as her natural father, and to a record of the court of probates, which shews that the plaintiff was, on the application of the deceased, appointed her curator ad bona, as her natural father.
From these facts the paternity of the plaintiff is sufficiently proven. But the estate in dispute must be disposed of according to the provisions of the civil code, by which “the estate of a natural child, dead without posterity, belongs to the father who has acknowledged him.” 156, art. 48. Hence proof of paternity does not suffice; the acknowledgment must have been proved.
The acknowledgment is required to be formal. The manner of making it is pointed out by law.
This formal or legal acknowledgment differs from the incontrovertible evidence of natural pa *267 ternity, resulting from the res judicata. The latter gives right to alimony: the former to that and in some cases to the inheritance of the parent: in others to legitimation. The latter may be obtained, as to the mother, by the illegitimate children of every description, Civil Code 50, art 34, even by those born from an incestuous or adulterous connection, who are incapable of legal acknowledgment, id. 48. art. 26.
As the evidence, on which courts of justice are authorised to pronounce the natural parentage, id. 50, art. 31, is weaker than that which results from a formal acknowledgment, and is not always morally conclusive, the legal consequences of adjudged and acknowledged parentage are thus different.
From the baptismal registry the plaintiff can derive no proof; it could not make any against him. He did not subscribe it. It does not appear to have been done with his consent or knowledge. It is as to him res inter alios acta. It cannot vest or destroy any right in him.
The evidence resulting from the letters of curatorship, granted to him, by the court of probates at the child’s instance, and accepted by him, establishes the parentage and upon it, he might perhaps have been compelled to furnish her alimony, in the same manner as if the pa *268 rentage was established by the decree of a court, in a suit to which he was a party. But this evidence would not have entitled the child to legitimation in case her parents could have, and had been, married after her birth, without a formal acknowledgment, either before, or by the contract of marriage itself. Civil Code 48, art. 21.
Young for the plaintiff. Seghers for the defendant.
As the case does not offer any fact (from which an acknowledgment could have been inferred) prior to the passage of the civil code, we have not examined whether the law was different before; neither have we inquired whether the plaintiff being a white man, and the mother of the deceased a woman of colour, their issue could be the object of a legal acknowledgment. This became useless, since we are of opinion that there has been no such acknowledgment.
The parish court erred, in decreeing the estate to the plaintiff, and it is ordered, adjudged and decreed, that its judgment be annulled, avoided and reversed : and it is ordered, adjudged and decreed, that there be judgment for the defendant, with costs of suit in both courts.